**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-60551-AUGUSTIN-BIRCH**

**DAWN HALLORAN,** *et al.***,**

      **Plaintiffs,**

**v.**

**BRANDSTAR LOCAL, LLC** *et al.***,**

      **Defendants.**
_____/

**ORDER DENYING MOTIONS TO DISMISS**
**AND MOTION FOR SANCTIONS [DE 4; DE 5; DE 15]**

This cause comes before the Court on Defendants Brandstar Local, LLC's and Brandstar, Inc.'s Motions to Dismiss. DE 4; DE 5. Plaintiffs Dawn Halloran and Angel George filed a consolidated response, DE 9, and Defendants filed a consolidated reply. DE 11. This cause also comes before the Court on Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11, to which Plaintiffs responded. DE 15; DE 19. The Court has carefully considered the briefing and the record and is otherwise fully advised. For the reasons set forth below, Defendants' Motions to Dismiss [DE 4; DE 5] and Motion for Sanctions [DE 15] are **DENIED**.

## I.   Background

Plaintiffs who allege that they worked as television producers for Defendants, sued Defendants for allegedly "knowingly and willfully" refusing to pay Plaintiffs' full and proper overtime wages. DE 1 ¶¶ 15–19. Plaintiffs attach two statements of claim to their Complaint estimating their unpaid overtime wages. DE 1-3; DE 1-4. These statements explain Plaintiffs' employment period, regular hourly rate, average weekly commissions, applicable overtime hourly

rate, total unpaid overtime wages, and total liquidated damages. *Id.* Plaintiffs allege that Defendants acted as joint employers, shared common control over Plaintiffs, and had Plaintiffs acting in the interest of each business. DE 1 ¶ 12. Plaintiffs further allege Defendants "knowingly and willfully refused to pay Plaintiffs' legally-entitled wages" during Plaintiffs' employment. *Id.* ¶ 19. Based on these averments, Plaintiffs pled one count of violation of the Fair Labor Standards Act ("FLSA") against Defendants. *Id.* ¶¶ 23–25. Defendants separately filed the Motions to Dismiss and together filed the Motion for Sanctions.

## II. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a pleading for failure to state a claim upon which relief can be granted. When ruling on a 12(b)(6) motion, a court must accept the well-pled factual allegations as true and must view the facts in the pleading most favorably to the plaintiff. *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017). A pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1347–48 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.*

## III. Motion to Dismiss Analysis

In Defendants' Motions to Dismiss, Defendants raise three distinct grounds for why Plaintiffs' Complaint fails to state a claim upon which relief can be granted. First, Defendants assert that Plaintiffs' overtime claims are implausibly pled and do not meet *Twombly*'s and *Iqbal*'s

pleading standards. DE 4 at 1, 4–6; DE 5 at 6; DE 11 at 3–6. Second, Defendants claim Plaintiffs' joint employer allegations are mere legal conclusions. DE 5 at 4–5; DE 11 at 7. Finally, Defendants contend Plaintiffs' willfulness allegation is insufficient to trigger a three-year statute of limitations. DE 4 at 1, 6–7; DE 5 at 6–7; DE 11 at 8–9. The Court addresses each argument in turn. For the reasons explained below, none of Defendants' arguments have merit.

### A.  FLSA Overtime Claims

Defendants contend that Plaintiffs did not plausibly state FLSA overtime claims. DE 4 at 4–6; DE 5 at 6; DE 11 at 3–6. The primary reason for Defendants' argument is that Defendants claim Plaintiffs' allegations for lack of overtime pay are legal conclusions and are devoid of factual support. *Id.* Defendants contend Plaintiffs should have included factual support, such as listing specific workweeks when Plaintiffs worked overtime hours and explaining how their regular hourly rate was calculated. DE 4 at 4; DE 5 at 6; DE 11 at 3–4. Further, Defendants assert that the figures in Plaintiffs' statements of claim are implausible and "mathematically improbable." DE 4 at 6; *see also* DE 11 at 4–5. Defendants' contentions do not have merit.

To establish a prima facie case of failure to pay overtime compensation under the FLSA, a plaintiff employee must allege that "(1) he [or she] is employed by the defendant,[1] (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him [or her] . . . overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't., Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)). Plaintiffs need not plead their FLSA overtime claims in greater detail. *Sec'y of Lab.*

---

[1] Only Defendant Brandstar, Inc. contested whether an employment relationship existed with Plaintiffs, and the Court addresses that issue in the following section of this Order. DE 5 at 4–5; DE 11 at 7. Neither Defendant challenged whether enterprise or individual coverage under the FLSA is satisfied.

*v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008) ("While these allegations are not overly detailed, we find that a claim for relief for failure . . . to provide overtime compensation . . . under FLSA does not require more.").

Here, Plaintiffs allege Defendants failed to pay their "full and proper overtime wages." DE 1 ¶¶ 17–18. As support for their allegations, Plaintiffs attach two statements of claim to their Complaint as a "preliminary calculation" that they worked over 40 hours per week, including "date ranges, hours worked, rates of pay, and unpaid wages . . . ."[2] *Id.* ¶¶ 20–21; DE 1-3; DE 1-4. Plaintiff Halloran's statement of claim states that she worked an average of 53.75 hours per week from April 1, 2024, to October 21, 2025. DE 1-3. Similarly, Plaintiff George's statement of claim states that she worked an average of 55 hours per week from February 27, 2023, to March 31, 2025, and from April 1, 2025, to November 28, 2025. DE 1-4.

Although Defendants maintain that these allegations are averages and estimates lacking specificity, Plaintiffs are not required to plead their FLSA overtime claims in extensive detail. At the Motion to Dismiss stage, Plaintiffs are not expected to explain how they calculated their damages. *See Labbe*, 319 F. App'x at 764 ("While these allegations are not overly detailed, we find that a claim for relief for failure . . . to provide overtime compensation . . . under FLSA does not require more."); *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010) ("Unlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a[n] FLSA violation are quite straightforward.").

---

[2] Exhibits attached to Plaintiffs' Complaint are part of Plaintiffs' pleading for all purposes. Fed. R. Civ. P. 10(c).

Further, insofar as Defendants maintain that Plaintiffs' claimed figures are mathematically impossible, the Court must accept Plaintiffs' figures as true when ruling on the Motions to Dismiss. Defendants will be able to seek precise information, like specific weeks when Plaintiffs worked overtime and an explanation of how the regular hourly rate was calculated, during the discovery phase. *Mitial v. Dr. Pepper Snapple Grp.*, No. 11-81172-CIV, 2012 WL 2524272, at *3 (S.D. Fla. June 29, 2012) ("To the extent that Defendant seeks Plaintiff's . . . exact hours, discovery can provide Defendants with such data and the lack of this information is not grounds for dismissal at this initial pleading stage."); *Williams v. Bank of Am. Corp.*, No. 3:15-cv-1449-J-39MCR, 2017 WL 11405030, at *5 (M.D. Fla. Sept. 1, 2017) ("To the extent Defendant seeks Plaintiff's exact hours worked over 40 hours a week, the parties can establish the number of hours worked by Plaintiff through discovery."). Further, despite Defendants' argument that they have payroll records demonstrating that Plaintiffs were paid overtime compensation, the Court must only look at Plaintiffs' Complaint when ruling on the Motions to Dismiss. The Court will not consider Defendants' payroll records at this time. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (finding that a court must only look at the four corners of the complaint when ruling on a motion to dismiss). For these reasons, Plaintiffs have plausibly pled claims for failure to pay overtime under the FLSA.

### B.  Employer Relationship

Defendants argue that Defendant Brandstar, Inc. was not Plaintiffs' employer and that Plaintiffs implausibly alleged Defendants Brandstar Local, LLC and Brandstar, Inc. are joint employers under the FLSA. DE 5 at 3–5; DE 11 at 7. Particularly, Defendant Brandstar, Inc. contends it was not Plaintiffs' employer on the grounds that it was not "financially or managerially responsible" during Plaintiffs' employment. *See* DE 5 at 4–5; *see also* DE 11 at 7. But those facts

are beyond the scope of what Plaintiffs are required to plead in their Complaint to survive a Motion to Dismiss.

A party qualifies as a joint employer if "as a matter of economic reality, the individual is dependent on the entity." *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). "The economic reality test suggests an employee-employer relationship may exist where the alleged employer . . . supervises and controls employee work schedules or conditions of employment, [or] determines the rate and method of payment . . . ." *Baltzley v. Berkley Group, Inc.*, No. 10-61194-CIV, 2010 WL 3505104, at *2 (S.D. Fla. Sept. 3, 2010) (citing *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir.1997)).

Here, Plaintiffs allege that Defendants "were joint employers of Plaintiffs under the FLSA, shared Plaintiffs' services, had Plaintiffs acting in the interest of each business, and shared common control of Plaintiffs." DE 1 ¶ 12. Although Defendants argue that Plaintiffs' allegations lack factual particularity, Plaintiffs need not plead detailed factual allegations in their Complaint to satisfy the economic reality test for joint employment. *See Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1381 (S.D. Fla. 2012) (determining that plaintiff's allegations that defendants "regularly exercised the authority to: (a) hire and fire employees of [the corporations]" and controlled other aspects of plaintiff's work were sufficient to withstand dismissal); *Villarino v. Pacesetter Pers. Serv., Inc.*, 481 F. Supp. 3d 1252, 1258 (S.D. Fla. 2020) (ruling that plaintiff alleged sufficient facts demonstrating that defendants were joint employers where the complaint alleged that "[d]efendants have had common ownership, common management, . . . and centralized control of labor relations"). And insofar as Defendant Brandstar, Inc. contends that there are no payment records showing that it supplied Plaintiffs' wages, DE 5 at 4–5, the Court can only consider Plaintiffs' allegations when ruling on the Motions to Dismiss.

6

*See Grossman*, 225 F.3d at 1231 (holding that a motion to dismiss is strictly evaluated on the four corners of a complaint). Hence, Plaintiffs plausibly alleged that Defendant Brandstar, Inc. was their employer and that Defendants were their joint employers.

### C. Willfulness Allegation

Lastly, Defendants argue that Plaintiffs failed to plausibly state a willful FLSA violation, relying solely on a single, conclusory assertion: "Defendants knowingly and willfully refused to pay Plaintiffs' legally-entitled wages." DE 4 at 6–7; DE 5 at 6–7; DE 11 at 8. Defendants maintain Plaintiffs' allegation does not trigger a three-year statute of limitations. *Id.* Defendants' arguments fail for two reasons: (1) Plaintiffs' willfulness allegation is sufficient, and (2) Plaintiffs are not required to negate a statute of limitations defense in their Complaint. Thus, again, Defendants' arguments do not have merit.

An employer willfully violates the FLSA when it "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1165 (11th Cir. 2008) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Under the FLSA, there is a two-year statute of limitations, but an employer's willful FLSA violation allows for a three-year statute of limitations. 29 U.S.C. § 255(a). Additionally, the statute of limitations is an affirmative defense, and plaintiffs are not required to negate a statute of limitations defense in a complaint. *Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 815 (11th Cir. 2013).

Here, Plaintiffs state Defendants "knowingly and willfully refused to pay Plaintiffs' legally-entitled wages." DE 1 ¶ 19. First, this allegation sufficiently meets the FLSA's minimal pleading requirements. *Fernandez v. Great Havana Inc.*, No. 22-22814-CIV, 2023 WL 4014800, at *4 (S.D. Fla. Apr. 4, 2023) ("The crux of Defendants' arguments concerning Plaintiff's reliance

on the FLSA's three-year statute of limitations for willful violations is that the Amended Complaint contains nothing more than 'conclusory averment[s] of "willfulness"' . . . Although factually sparse, Plaintiff has sufficiently alleged willfulness."), *report & recommendation adopted*, 2023 WL 4349295 (S.D. Fla. July 5, 2023); *Koutsofios v. Mgmt. Health Sys., LLC*, No. 0:23-CV-60401-WPD, 2023 WL 11951017, at *2 (S.D. Fla. Aug. 1, 2023) ("The Court finds that Plaintiff has sufficiently alleged willfulness at this stage . . . Defendant may assert the affirmative defense of statute of limitations at summary judgment or trial once the factual record has been developed."); *Alvear v. Salvation Army*, 661 F. Supp. 3d 1314, 1328–29 (N.D. Ga. 2023) (concluding that plaintiffs' allegations that defendant "knew about and sought to avoid their duties under the FLSA" sufficiently alleged willfulness). Second, regardless of whether Plaintiffs' willfulness allegation was sufficiently pled, Plaintiffs are not required to negate a statute of limitations defense in their Complaint. *Lindley*, 515 F. App'x at 815 ("At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute."). Hence, Plaintiffs have plausibly pled a willful violation under the FLSA, and Plaintiffs' overtime claims fall within the three-year statute of limitations.

## IV. Motion for Sanctions

Defendants move for sanctions under Federal Rule of Civil Procedure 11. That Rule provides that, among other representations, the signer of a pleading certifies that the "factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation and discovery." Fed. R. Civ. P. 11(b)(3). If a party's factual contentions contradict this representation, then sanctions can be imposed. Fed. R. Civ. P. 11(c).

8

Defendants move for Rule 11 sanctions on three grounds. First, they maintain that Plaintiffs' damage calculations lack any good faith factual basis. DE 15 at 2–4. Specifically, Defendants argue that the calculations are mathematically impossible since the hours each Plaintiff claims to have worked are consistent throughout their whole period of employment and because both Plaintiffs claim to have had the same average weekly commission. *Id.* at 3. However, Plaintiffs specifically note in their statements of claim that their numbers are estimates and "may change as information is uncovered through the discovery process, litigation, and/or at trial." DE 1-3; DE 1-4. Thus, Plaintiffs specifically identified that their claimed damages are approximates that will likely have evidentiary support after a reasonable opportunity for further investigation and discovery, as Rule 11(b)(3) permits.

Second, Defendants contend that Plaintiffs' overtime allegations lack a good faith basis because the "damage calculations . . . plainly were not based on any genuine recollection or record review." DE 15 at 4. As explained above, Plaintiffs provided estimates of the number of weeks they worked, the number of hours they worked, and their average weekly commissions and stated that those estimates could change as they gain new information during this litigation. Rule 11(b)(3) permits Plaintiffs to do so.

Lastly, Defendants argue that Plaintiffs' willfulness allegation is conclusory and lacks a good faith factual basis. DE 15 at 5. As this Court explained when denying Defendants' Motions to Dismiss, Plaintiffs sufficiently pled willfulness in their Complaint. Furthermore, Rule 11 motions are not meant to challenge the sufficiency of a party's allegations. *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (explaining that Rule 11 motions "should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations."). For the foregoing reasons, Defendants' Motion for Sanctions [DE 15] is **DENIED**.

## V.  Conclusion

For the foregoing reasons, Defendants' Motions to Dismiss [DE 4; DE 5] and Motion for Sanctions [DE 15] are **DENIED**. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendants are hereby **ORDERED** to respond to Plaintiffs' Complaint within 14 days of this Order. The Court will discuss the status of this case with the parties during the discovery status conference scheduled for August 14, 2026, at 10:30 a.m. *See* DE 26.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 4th day of August, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE